MICHAEL GAUDET, Under-Tutor, v. WIDOW URSIN GAUDET.

The mother wishing to contract a second marriage may, by the advice of a family meeting, be retained in the tutorship of her minor children on giving security, and her application may be acted on before the marriage is celebrated. Her rights in this respect are not impaired by the refusal of a previous family meeting to retain her in the tutorship without security.

APPEAL from the District Court of the Parish of Ascension, *Duffel*, J.
J. H. Ilsley, for plaintiff and appellant.   A. Gentile and Mills & LeBlanc, for defendant.

LAND, J.   The defendant, wishing to contract a second marriage, applied for an order for a family meeting, to decide whether she should remain natural tutrix of her minor children.

The family meeting was ordered, and after deliberation, decided she should not remain tutrix in the event of her marriage with *Claude Mathieu*.

Afterwards, and before the celebration of marriage, with *Mathieu*, the defendant obtained a second order for the convocation of another family meeting, to decide whether she should remain tutrix, in the event of her marriage with *Mathieu*, upon her giving good and sufficient security for the fidelity of her administration.

The second family meeting advised the retention of defendant in the tutorship, provided she should give the proposed legal security.   To this advice the under-tutor refused his assent; but the proceedings of the family meeting, were homologated by the District Judge, and from this judgment the under-tutor prosecutes the present appeal.

It is the opinion of the court, that the defendant had the right to the order for a second family meeting, to deliberate upon the *new matter* which she proposed to submit, that is to say, whether she should remain tutrix upon her giving good and sufficient security for her administration, and that it was not necessary to postpone her application until after marriage.

The right of a family meeting to retain the mother in the tutorship of her children, upon condition of her giving bond and security, prior to the celebration of her second marriage, is recognized in the case of *Smith*, under-tutor, v. *Dickerson*, tutrix, reported in 2 An. 401, and we think the rule well founded in reason, and recommended by considerations of public policy.

We have no doubt of the validity of the bond of the tutrix given under such authority, whether executed before, or after her second marriage, and that she incurs by such appointment or retention, all the duties and obligations of a dative tutorship.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, and that the costs of appeal and lower court be paid out of the estate of said minors.